NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

HELEN READING and :
FRANK READING, :
 :
      Plaintiffs, : Civil Action No. 06-3511 (JAG)
 :
      v. : OPINION
 :
SANDALS RESORTS INTERNATIONAL, :
LTD., BILL PETERSON, JOHN DOES :
(1-10) (being fictitious names), and JOHN :
DOES (11-20) (being fictitious names), :
 :
      Defendants. :

---

**GREENAWAY, JR., U.S.D.J.**

      This matter comes before this Court on the motion of Defendant William Peterson s/h/a Bill Peterson ("Defendant") seeking to dismiss the Complaint for lack of personal jurisdiction, pursuant to FED. R. CIV. P. 12(b)(2). Plaintiffs Helen and Frank Reading ("Plaintiffs") oppose Defendant's Motion to Dismiss submitting that it should be stayed, pending jurisdictional discovery. For the reasons set forth below, Defendant's Motion to Dismiss is granted and Plaintiffs' request for jurisdictional discovery is denied.

**BACKGROUND**

      Plaintiffs, who reside in New Jersey, allege the following in the Complaint. On January 20, 2003, Plaintiffs were visiting the Sandals Resort located at Montego Bay, Jamaica (the

"Resort"). (First Am. Compl. 3.) While vacationing at the Resort, Plaintiff Helen Reading sustained serious injuries when Defendant collided into her while he was participating in a football game. (First Am. Compl. 3.) Defendant resides in Iowa and was, at the time of the accident, a guest at the Resort. (First Am. Compl. 2.)

On July 7, 2006, Plaintiffs commenced this civil action against Defendant in New Jersey Superior Court in Middlesex County. On July 31, 2006, Defendant filed a Notice of Removal to this Court, pursuant to 28 U.S.C. § 1441, and submitted this motion shortly thereafter.

## LEGAL STANDARD

A federal court typically must conduct a two-step analysis to ascertain whether personal jurisdiction exists. First, the court must look to the forum state's long-arm statute to determine if personal jurisdiction is permitted over the defendant. Second, the court must determine whether the exercise of personal jurisdiction would be repugnant to the Due Process Clause of the Fourteenth Amendment. IMO Industries, Inc. v. Kiekert AG, 155 F.3d 254, 259 (3d Cir. 1998); Vetrotex Certaineed Corp. v. Consolidated Fiber Glass Products Co., 75 F.3d 147, 150 (3d Cir. 1996).

In this forum, the inquiry may be collapsed into a single step because New Jersey's long arm statute permits the exercise of personal jurisdiction "consistent with due process of law." N.J. CIV. R. 4:4-4. As such, this Court will allow out-of-state service "to the uttermost limits permitted by the United States Constitution." Mesalic v. Fiberfloat Corp., 897 F.2d 696, 698 (3d Cir. 2002) (quoting Charles Gendler & Co., Inc. v. Telecom Equipment Corp., 102 N.J. 460, 469 (1986)).

The Fourteenth Amendment permits a state to exercise jurisdiction over an out-of-state

defendant only where "the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985) (quoting Hanson v. Denckla, 357 U.S. 235 (1958)).  It is the burden of the plaintiff to prove that the defendant has purposefully availed himself of the forum state. See Burke v. Quartey, 969 F. Supp. 921, 924 (D.N.J. 1997).

To prove that the defendant has purposefully availed itself of the burdens and benefits of a given state, a plaintiff may rely upon a defendant's specific contacts with the forum state.  The burden to produce actual evidence of the defendant's contacts with the forum state rests on the plaintiffs.  See Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 66 and n.9 (3d Cir. 1984).  Personal jurisdiction pursuant to such contacts is known as specific jurisdiction. Specific jurisdiction is invoked when a claim is related to or arises of out the defendant's contacts with the forum.  See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416 (1984); Dollar Sav. Bank v. First Sec. Bank of Utah, N.A., 746 F.2d 208, 211 (3d Cir. 1984). A court must first determine whether the defendant had the minimum contacts with the forum necessary for the defendant to have "reasonably anticipate[d] being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980) (citations omitted).

What constitutes minimum contacts varies with the "quality and nature of defendant's activity."  Hanson, 357 U.S. at 253.  In assessing the sufficiency of minimum contacts for personal jurisdiction, the court must focus on the "relationship among the defendant, the forum, and the litigation."  Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 770 (1984).  Otherwise stated, there must be at least "a single deliberate contact" with the forum state that relates to the cause of action.  U. S. Golf Ass'n v. U. S. Amateur Golf Ass'n, 690 F. Supp. 317, 320 (D.N.J.

1988). The unilateral acts of the plaintiff, however, will not amount to minimum contacts. Helicopteros Nacionales de Colombia, 466 U.S. at 414; Hanson, 357 U.S. at 253.

      Assuming minimum contacts have been established, a court may inquire whether "the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" Burger King Corp. 471 U.S. at 476 (quoting International Shoe Co. v. Washington, 326 U.S. 310, 320 (1945)). See also Pennzoil Products Co. v. Colelli & Associates, Inc., 149 F.3d 197, 201 (3d Cir. 1998). For personal jurisdiction to comport with "fair play and substantial justice," it must be reasonable to require the defendant to defend the suit in the forum state. World-Wide Volkswagen, 444 U.S. at 292. To determine reasonableness, a court considers the following factors: the burden on the defendant, the forum state's interest in adjudicating the dispute, the plaintiffs interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering substantive social policies. Id. Only in "rare cases [do the] 'minimum requirements inherent in the concept of "fair play and substantial justice" ... defeat the reasonableness of jurisdiction even [though] the defendant has purposefully engaged in forum activities.'" Asahi Metal Industry Co., Ltd. v. Superior Court of California, Solano County, 480 U.S. 102, 116 (1987).

      If the plaintiff cannot establish specific jurisdiction, a court may exercise general jurisdiction over the defendant if the defendant has maintained "continuous and systematic" contacts with the forum state. Helicopteros Nacionales de Colombia, 466 U.S. at 416. To establish general jurisdiction the plaintiff "must show significantly more than mere minimum contacts" with the forum state. Provident Nat. Bank v. California Federal Sav. & Loan Ass'n,

819 F.2d 434, 437 (3d Cir. 1987).  Moreover, the facts required to establish general jurisdiction must be "extensive and persuasive."  Reliance Steel Products Co. v. Watson, Ess, Marshall & Enggas, 675 F.2d 587, 589 (3d Cir. 1982).  A particular defendant may be dismissed from a lawsuit if the court cannot assert personal jurisdiction over the defendant pursuant to this standard.  See FED. R. CIV. P. 12(b)(2).

## DISCUSSION

### A.    Personal Jurisdiction

The Complaint alleges that the injuries sustained by Helen Reading occurred at the Resort, in Jamaica.  (First Am. Compl. 3.)  The Complaint also alleges that Defendant resides in Iowa.  (First Am. Compl. 2.)  Thus, Plaintiffs' claim must be related to, or arise out of, Defendant's contacts with the State of New Jersey in order for this Court to assert specific jurisdiction.  Helicopteros Nacionales de Colombia, S.A., 466 U.S. at 416.

Neither the Complaint, nor the Plaintiff's Brief in Opposition to Defendant's Motion to Dismiss ("Opposition Brief "), provide any evidence of Defendant's minimum contacts with New Jersey.  Plaintiffs do not allege that Defendant has been to New Jersey.  In fact, Plaintiffs, in their Opposition Brief, do not dispute the lack of minimum contacts.  (Br. in Opp'n to Def.'s Mot. to Dismiss. 6.)  Therefore, the claim fails to satisfy the threshold requirement for specific jurisdiction.  Plaintiffs also fail to assert general jurisdiction because the Complaint, and the Opposition Brief, do not present any evidence suggesting that Defendant maintained continuous and systematic contacts with the forum.  Id.

Based on all submitted materials, this Court finds that it does not have personal jurisdiction over Defendant.

**B.      Jurisdictional Discovery**

Despite the absence of personal jurisdiction, Plaintiffs submit that the Court should stay Defendant's Motion to Dismiss, pending discovery, on the issue of personal jurisdiction. (Br. in Opp'n to Def.'s Mot. to Dismiss. 4.) They maintain that a plaintiff who is a stranger to a defendant should have the benefit of discovery to unearth facts regarding personal jurisdiction. They further argue that, while the court should not allow a fishing expedition, it should nonetheless allow reasonably necessary interrogatories and depositions. (Br. in Opp'n to Def.'s Mot. to Dismiss. 6.) Plaintiffs' request for jurisdictional discovery is denied because their claim is "clearly frivolous."

The plaintiff bears the burden of providing sufficient evidence of contact with the forum state in order to establish personal jurisdiction. Nevertheless, where the plaintiff's claim is not clearly frivolous, the court should ordinarily allow jurisdictional discovery in order to aid the plaintiff in discharging that burden. Compagnie des Bauxites de Guinee v. L'Union Atlantique S.A. d'Assurances, 723 F.2d 357, 362 (3d Cir. 1983); see Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n, 107 F.3d 1026, 1042 (3d Cir. 1997) (holding that the general rule is that jurisdictional discovery should be allowed unless the plaintiff's claim is "clearly frivolous"). If a plaintiff can present factual allegations that suggest "with reasonable particularity" the possible existence of the requisite "contacts between [the party] and the forum state," the plaintiff should have a right to conduct jurisdictional discovery. Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 456 (3d Cir. 2003) (citing Mellon Bank (East) PSFS, Nat. Ass'n v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992)).

In cases where the plaintiff has met this required threshold, courts within this Circuit have

sustained the right to conduct discovery before the District Court dismisses for lack of personal jurisdiction. Toys "R" Us, Inc., 318 F.3d at 456, however, that jurisdictional discovery generally relates to a corporation and whether it is "doing business" in the forum state. In cases where the defendant is an individual, the presumption in favor of jurisdictional discovery is reduced. Massachusetts School of Law at Andover, Inc., 107 F.3d at 1042; also see Shaw v. Boyd, 658 F. Supp. 89, 91 n. 1 (E.D. Pa. 1987).

In the instant matter, the Complaint alleges that Defendant resides in Iowa and at the time of the accident was a guest at the Resort. (First Am. Compl. 3.) There is no allegation by Plaintiffs of any connection between Defendant and New Jersey other than Plaintiffs' residence in New Jersey. (Br. in Opp'n to Def.'s Mot. to Dismiss. 5.) Plaintiffs even fail to make the assertion that Defendant "transacts business" in New Jersey. See Massachusetts School of Law at Andover, Inc., 107 F.3d at 1042 (holding that its "result is in accord with other cases which hold that a mere unsupported allegation that the defendant 'transacts business' in an area is 'clearly frivolous'"). Moreover, Defendant is an individual. Thus, the presumption for jurisdictional discovery is reduced. Id. ("Jurisdictional discovery generally relates to corporate defendants and the question of whether they are 'doing business' in the state.")

Since Plaintiffs fail to present factual allegations that suggest with "reasonable particularity" the existence of the necessary contacts between Defendant and the State of New Jersey, the request for jurisdictional discovery is not warranted.

## **CONCLUSION**

Plaintiffs have failed to demonstrate that Defendant "purposefully avail[ed himself] of the privilege of conducting activities within [New Jersey]" or that Defendant has maintained "continuous and systematic" contacts with New Jersey.  Thus, this Court cannot assert jurisdiction over Defendant.  Defendant's Motion to Dismiss, pursuant to FED. R. CIV. P. 12(b)(2), is granted.  Plaintiffs also failed to set forth factual allegations that suggest with "reasonable particularity" the possible existence of "contacts between [Defendant] and [New Jersey.]"  Thus, Plaintiffs' request for jurisdictional discovery is denied.


Dated: March 26, 2007

    S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.